```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x
In re:                              :

DAVID T. GENEST and KELLY A. GENEST:   BK No. 09-10909
          Debtors


DAVID T. GENEST and KELLY A. GENEST:
          Plaintiffs
v.                                  :  A.P. No. 09-1044

BANK OF AMERICA N.A. as S/B/M to    :
LaSalle Bank N.A., as Trustee for
the Registered Holders of Bear      :
Stearns Asset Backed Securities I
Trust 2007-HE4 Asset-Backed         :
Certificates, Series 2007-HE4
          Defendant
- - - - - - - - - - - - - - - - - -x
```

**DECISION AND ORDER GRANTING IN PART
DEFENDANT'S MOTION TO DISMISS**

APPEARANCES:

    John B. Ennis, Esq.
    Attorney for Debtors/Plaintiffs
    1200 Reservoir Avenue
    Cranston, Rhode Island 02920

    Theodore A. Topouzis, Esq.
    Attorney for Defendant
    TOPOUZIS & ASSOCIATES, P.C.
    51 Jefferson Boulevard
    Warwick, Rhode Island 02888

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 09-10909; A.P. No. 09-1044

Heard on Bank of America's Motion to Dismiss, in part, an adversary proceeding in which the Plaintiffs/Debtors allege a material violation of the Federal Truth in Lending Act ("TILA").[1] Plaintiffs ask for rescission of their mortgage, actual statutory damages, and attorney's fees.  Bank of America argues that even if a TILA violation is established, the request for damages and attorney's fees is time-barred.

## BACKGROUND AND TRAVEL

On November 22, 2006, David T. Genest and Kelly A. Genest obtained a loan from Aegis Lending Corp., which was secured by their principal residence in Warwick, Rhode Island.  At the closing, the lender did not provide the borrowers with 2 copies of the required notice of their right to rescind.  Subsequently, playing the popular mid-2000's game of "musical mortgages," MERS, as nominee for Aegis Lending Corp., assigned the Genests' mortgage to LaSalle Bank National Association.  Ocwen Loan Servicing, LLC is the current servicer of the loan.  This bankruptcy petition was filed on March 13, 2009 and the within adversary proceeding was commenced on May 21, 2009.

On January 13, 2009, the Genests served notice to Ocwen Loan Servicing, LLC that they were asserting their right to rescind the mortgage, and for other relief.  Ocwen Loan Servicing, LLC did not

---

[1] 15 U.S.C. § 1601 et. seq.

1

BK No. 09-10909; A.P. No. 09-1044

respond to the notice. On May 21, 2009, the Genests commenced this adversary proceeding against LaSalle Bank National Association, pursuant to § 1635(a). Bank of America, successor by merger to LaSalle Bank National Association, moved for (partial) dismissal, and the Genests objected. All of the facts alleged or pleaded herein are accepted as true.[2]

### DISCUSSION

**A. The Motion to Dismiss Standard**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7012(b), a complaint must contain sufficient facts which, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007).

**B. The Federal Truth in Lending Act ("TILA")**

TILA requires creditors to make meaningful disclosure of credit terms to borrowers,[3] and if a creditor fails to comply with the disclosure requirements, the borrower may rescind the loan or seek damages.[4] While TILA provides a generous three year right of

---

[2] *See Pasdon v. City of Peabody,* 417 F. 3d 225, 226 (1st Cir. 2005).

[3] *See generally Beach v. Ocwen Federal Bank,* 523 U.S. 410, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998).

[4] *See* 15 U.S.C. §§ 1635, 1640.

2

BK No. 09-10909; A.P. No. 09-1044

rescission period following the loan transaction,[5] borrowers, on the other hand, are restricted to a shorter, one-year statute of limitations as to their right to seek damages.[6]

Since it is undisputed that the Genests filed the within adversary proceeding on May 21, 2009, more than two years after the November 22, 2006 closing date, their statutory claim for damages is untimely.

While the Genests' claim for damages is clearly time-barred, the attorney fee provisions of § 1640(a)(3) are separate from the § 1640(e) statute of limitations.[7]  Thus, the Genests *may* be entitled to attorney's fees *if* they prevail in the § 1635 rescission action.[8]

Accordingly, Bank of America's Motion to Dismiss is **GRANTED** with respect to the § 1635(a) damages claim, and **DENIED** as to the rescission and attorney fee issues.

Regarding the merits of the surviving claim(s), pursuant to R.I. LBR 7026-1(c) the parties shall file a discovery plan within 2 weeks from the date of this Order.

---

[5] 15 U.S.C. § 1635(f).

[6] 15 U.S.C. § 1640(e).

[7] *See Burley v. Bastrop Loan Co., Inc.*, 407 F.Supp. 773, 778-779 (W.D. La. 1976), *rev'd on other grounds,* 590 F.2d 160 (5th Cir. 1979).

[8] 15 U.S.C. § 1640(a)(3).

BK No. 09-10909; A.P. No. 09-1044

Dated at Providence, Rhode Island, this 4th day of February, 2010.

/s/ Arthur N. Votolato
Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 2/4/2010